UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIAN MANUEL POWELL, | No. 2:23-cv-00946-DAD-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| SARADETH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In a complaint dated April 17, 2023, plaintiff alleges that on January 30, 2023, an unidentified official at the California Health Care Facility raped him, repeatedly punched him in the solar plex, and attempted to murder him by preventing him from breathing. ECF No. 1 at 4. Plaintiff claims he was then forcibly medicated in an effort to stop him from telling "about rapes and wrongs done by Mule Creek, Salinas Valley Prisons, Vacaville, Solano, and Stockton Facilities." *Id.* For the reasons stated below, plaintiff will be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust administrative remedies prior to filing suit.

Because plaintiff is a prisoner suing over the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or

any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross v. Blake*, 578 U.S. 632, 638 (2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)).

California inmates initiate the exhaustion process by submitting a written grievance that disputes a policy, decision, action, condition, or omission by CDCR or CDCR staff. Cal. Code Regs. tit. 15, § 3481(a). The grievance process, as defined by California regulations, has two levels of review. *Id.* If the written grievance is denied, the inmate must submit a written appeal to the Office of Appeals. *Id.* §§ 3481(a), 3484(a). Administrative remedies generally are exhausted upon completion of the review process by the Office of Appeals. *See id.* §§ 3481(a), 3483(l), 3485(l).

Plaintiff concedes that he did not submit a request for relief to the highest level of review. ECF No. 1 at 4. His explanation for his failure in this regard is that he "believe[s] [he] may be kidnapped and [his] mail may not go out to be read by those who need to[,] as [his] appeals for release lie on the return papers." *Id.* Inmates, however, must complete the exhaustion process regardless of any "special circumstances." *See Ross*, 278 U.S. at 641 (noting that the "PLRA's history (just like its text) . . . refutes a 'special circumstances' exception to its rule of exhaustion."). Further, plaintiff's fear of being kidnapped does not render the administrative appeals process "unavailable." *See id.* at 643-44 (identifying three circumstances under which a remedy is unavailable: (1) the remedy "operates as a simple dead end," (2) the "administrative scheme ... [is] so opaque that .... no ordinary prisoner can discern or navigate it," and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."). Therefore, plaintiff will be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust administrative remedies prior to filing suit. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (prisoner's

concession to nonexhaustion is valid ground for dismissal of an action, so long as no exception applies), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc).

Accordingly, the court ORDERS plaintiff, within 21 days of the date of service of this order, to show cause in writing why this action should not be dismissed for his failure to exhaust. Alternatively, plaintiff may file a notice of voluntary dismissal.

So ordered.

Dated: July 11, 2023.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE