UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIAN MANUEL POWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SARADETH, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-00946-DAD-EFB (PC)<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also filed a motion to proceed in forma pauperis. ECF No. 2.

I. **Motion to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

II. **Order to Show Cause**

On July 12, 2023, the court issued an order to show cause due to plaintiff's representation in his complaint that he had not completed the administrative grievance process. ECF No. 6. Plaintiff responded on July 21, 2023, writing that he did not exhaust his administrative remedies

1

because "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation/intimidation." ECF No. 7 at 1. Plaintiff believes that he is "kidnapped by Mule Creek and its associates because while detained at C.H.C.F.-Stockton officers, staff, and inmates told me I was kidnapped. The C.I.A. sold me as a sex slave and it is a conspiracy." *Id.*

Where there is an indication that a plaintiff in a § 1983 action "was grappling with a serious mental illness during the time that he was supposed to have been exhausting his administrative remedies," courts have been reticent to dismiss for apparent failure to exhaust. *Miles v. Cnty. of Alameda*, No. 22-cv-06707-WHO, 2023 U.S. Dist. LEXIS 58363, at *33-34 (N.D. Cal. Apr. 3, 2023) and cases cited therein. These courts have reasoned that the administrative process is not practically available to such a plaintiff. *Id.* Here, plaintiff's statements in his complaint and his response to the order to show cause suggest that plaintiff may have a serious mental illness. ECF No. 1 at 4 (plaintiff states that he has been subjected to an order for involuntary psychotropic medication). Accordingly, the court will discharge the order to show cause without prejudice to a future determination of whether administrative remedies were available to plaintiff.

**III.   Screening Requirement**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

2

While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**IV.     Screening Order**

Plaintiff lists six defendants: Saradeth, J. Purtle, L. Davis, C. Strickland, Dubuisson, and Richardson.  However, the complaint contains factual allegations only concerning Saradeth.  Because the complaint contains no factual allegations against Purtle, Davis, Strickland, Dubuisson, and Richardson, these defendants must be dismissed.

For the purposes of § 1915A screening, plaintiff has stated potentially cognizable claims against defendant Saradeth for allegedly violating his Eighth Amendment right to be free from cruel and unusual punishment by, inter alia, stripping plaintiff, twisting his nipples, punching him, and injecting him with a substance.  Plaintiff alleges that an unidentified defendant participated in this misconduct.  As the court cannot order service on an unknown party, plaintiff must determine the identity of this person through the discovery process or other means and seek to amend the complaint to name this defendant once his identity is discovered.

////

     Plaintiff's complaint contains allegations indicating that he believes that his incarceration is unlawful. In his prayer for relief, plaintiff asks the court to determine "if I deserve to be free and back in society." The court cannot make such a determination in an action brought under § 1983, because claims that challenge the validity of a person's confinement lie within the "core" of habeas corpus and thus must be brought through a petition for writ of habeas corpus (28 U.S.C. § 2254). *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (*en banc*).

     Plaintiff may choose to proceed only with the claim identified as cognizable by this order – his claim that defendant Saradeth violated his Eighth Amendment rights. Alternatively, the court will provide plaintiff with an opportunity to amend his complaint again to remedy his defective claims. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely to his federal allegations that "the form the same case or controversy." *See* 28 U.S.C. § 1367(a).

     The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

     Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

## V.    Conclusion

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's May 22, 2023 motion to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The July 12, 2023 order to show cause (ECF No. 6) is DISCHARGED.

4. Plaintiff's complaint states, for screening purposes, a potentially cognizable Eighth Amendment claim against defendant Saradeth.

5. Plaintiff's request that the court determine the validity of his confinement is dismissed without leave to amend but without prejudice to any petition for writ of habeas corpus plaintiff may file.

6. Plaintiff's claims against all other named defendants are dismissed with leave to amend within 30 days of service of this order.

7. Within 30 days, plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service on defendants at that time.

8. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: August 28, 2023.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIAN MANUEL POWELL, | No. 2:23-cv-00946-DAD-EFB (PC) |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| SARADETH, et al., | |
| Defendants. | |

In accordance with the court's Screening Order, plaintiff hereby elects to:

    (1) _____   proceed only with his Eighth Amendment claim against defendant Saradeth;

OR

    (2) _____   delay serving any defendant and file an amended complaint.

_____

                                            Plaintiff

Dated: