UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIAN MANUEL POWELL, | No. 2:23-cv-00946-DAD-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| SARADETH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this action brought under 42 U.S.C. § 1983. ECF No. 1, 8. On August 28, 2023, the court partially dismissed plaintiff's complaint with leave to amend. ECF No. 8. Rather than proceed on the cognizable claim, plaintiff filed a combined amended complaint and motion to consolidate this action with E.D. Cal. Case No. 2:23-cv-0333-DAD-AC. ECF No. 14. On March 14, 2024, District Judge Dale A. Drozd denied the motion to consolidate. ECF No. 15. The amended complaint remains to be screened.

**I.     Screening Requirement**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

1 relief may be granted," or "seeks monetary relief from a defendant who is immune from such
2 relief." *Id.* § 1915A(b).

3     A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
4 of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
5 plain statement of the claim showing that the pleader is entitled to relief, in order to give the
6 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
7 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
8 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
9 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
10 U.S. 662, 679 (2009).

11     To avoid dismissal for failure to state a claim a complaint must contain more than "naked
12 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
13 action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
14 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
15 678.

16     Furthermore, a claim upon which the court can grant relief must have facial plausibility.
17 *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
18 content that allows the court to draw the reasonable inference that the defendant is liable for the
19 misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
20 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
21 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
22 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23 **II.    Screening Order**

24     Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 10(a),
25 which requires that the title of a complaint name all parties. The title of plaintiff's amended
26 complaint names "Saradeth, et al., and more defendants." ECF No. 14. The amended complaint
27 begins with allegations of violations of plaintiff's constitutional rights at California Healthcare
28 Facility – Stockton ("CHCF") by Saradeth, Cervantes, Debuisson, Gonzalez, Moa, Strickland,

Young-Gaines, and J. Purtle. In brief, plaintiff alleges that these individuals violated his Eighth Amendment rights by refusing him food for three days and/or assaulting him. *Id.* at 1. But plaintiff also mentions other correctional staff, named and unnamed, such that it is not clear exactly who he is attempting to sue in this action. *Id.* at 1-3.

In addition, the complaint contains allegations against other CHCF staff (*id.* at 2, alleging denial of necessary mental health treatment by healthcare staff) as well as allegations concerning events at Mule Creek State Prison and Salinas Valley State Prison that do not relate to the food-denial and assault allegations against CHCF staff. Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). However, *unrelated claims against different defendants must be pursued in multiple lawsuits.*

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his

rights.  The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

### III.    Order

Plaintiff's October 26, 2023 amended complaint (ECF No. 14) is DISMISSED with leave to amend within 30 days of service of this order.  Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: May 23, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE