UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIAN MANUEL POWELL,<br><br>Plaintiff,<br><br>v.<br><br>SARADETH, et al.,<br><br>Defendants. | No. 2:23-cv-00946-DAD-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this action brought under 42 U.S.C. § 1983. ECF No. 1, 8. On May 24, 2024, the court dismissed plaintiff's first amended complaint with leave to amend. ECF No. 16. Plaintiff has filed a second amended complaint. ECF No. 17.

**I.    Screening Requirement**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

1

1    A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
2    of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
3    plain statement of the claim showing that the pleader is entitled to relief, in order to give the
4    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
5    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
6    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
7    its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
8    U.S. 662, 679 (2009).
9    To avoid dismissal for failure to state a claim a complaint must contain more than "naked
10   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
11   action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
12   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
13   678.
14   Furthermore, a claim upon which the court can grant relief must have facial plausibility.
15   *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
16   content that allows the court to draw the reasonable inference that the defendant is liable for the
17   misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
18   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
19   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
20   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).
21   **II.   Screening**
22   Plaintiff's allegations concern his experiences while incarcerated at California Health
23   Care Facility in Stockton ("CHCF"). The complaint contains allegations concerning what appear
24   to be five separate incidents, perhaps linked through plaintiff's allegation of a continuing pattern
25   of harassment against him by CHCF staff. *See* ECF No. 17 at 4.
26   <u>Incident One</u>. Plaintiff alleges that, on September 14, 2022, he "boarded up" his cell to
27   force a sergeant to come and talk to him about various issues. *Id.* at 1. The sergeant (not named
28   as a defendant in this case) came and asked plaintiff to sit on his bunk so he could enter the cell

2

and discuss plaintiff's issues. *Id.* Plaintiff complied. *Id.* The sergeant left, and defendant officers Truong, Fajardo, and Terrazas entered. *Id.* Truong directed plaintiff to stand against the wall, and plaintiff complied. *Id.* While Fajardo was "moving papers," Truong yelled, "Stop spitting." *Id.* Truong and Terrazas grabbed plaintiff, put him on his knees, pushed his head down, repeatedly hit him in the head, face, and back, and kicked and kneed him in his ribs. *Id.* After the assault, Terrazas and Fajardo escorted plaintiff to the nurses' station, where "the lieutenants and sergeants" taunted plaintiff. *Id.* at 2. "They" took plaintiff's shower shoes and left him to walk sock-footed on the "painful floor." *Id.* "They" never returned any of the paper or property plaintiff had in his cell. *Id.*

To state a claim of excessive force in violation of the Eighth Amendment, a plaintiff must allege facts that show that a correctional officer used force against him maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). To determine whether the evidence establishes such a scenario, the factfinder may consider: (1) the need for force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the officer; (4) the extent of injury suffered by the plaintiff; and (5) any efforts made to temper the severity of the forceful response. *Id.* at 7.

Construed liberally, and for the limited purpose of screening under § 1915A, plaintiff has stated potentially cognizable Eighth Amendment claims against defendants Truong, Fajardo, and Terrazas for subjecting him to excessive force. Plaintiff has not stated cognizable claims through his allegations concerning taunting, shoes, and property, because he has not identified a defendant who committed these alleged wrongs.

<u>Incident Two</u>. Plaintiff alleges that, on September 15, 2022, defendant officers Doe No. 2 and Doe No. 3 gave him an orange. *Id.* When plaintiff bit into the orange, he heard a loud crack and felt extreme jaw pain. *Id.* Plaintiff could not properly open his mouth for several days. *Id.* at 2-3. When he looked inside, he saw that CHCF had "illegally" done surgery on his tooth. *Id.*

////

////

1    Plaintiff's allegations regarding this incident are too vague to state a viable claim.
2    Plaintiff does not provide facts from which a reasonable factfinder could conclude that defendants
3    Doe Nos. 2 and 3 caused plaintiff's jaw pain, tooth injury, or surgery.
4    <u>Incident Three</u>.  Plaintiff alleges that, while he was housed in CHCF max custody "for
5    assaulting an officer on September 14th 2022," defendant officer Doe No. 1 dispersed pepper
6    spray into his cell vents until plaintiff could not breathe.  *Id.* at 3.  Defendant officer Doe No. 4
7    came to plaintiff's cell door and "threatened my life by making a gun with his hand and pointing
8    it at me and telling me he was going to kill me when I get out."  *Id.*
9    These allegations are insufficient to state a viable Eighth Amendment claim.  Plaintiff
10   does not provide sufficient facts from which it may be inferred that Doe No. 1 dispersed the
11   pepper spray into his cell maliciously and sadistically to cause harm, rather than in a good-faith
12   effort to maintain or restore discipline.  Plaintiff's allegations against Doe No. 4 fail because mere
13   threats do not give rise to cognizable Eighth Amendment claims.  *Gaut v. Sunn*, 810 F.2d 923,
14   925 (9th Cir. 1987) (per curiam) (it "trivializes the Eighth Amendment to believe a threat
15   constitutes a constitutional wrong.").
16   <u>Incident Four</u>.  Plaintiff alleges that, on January 30, 2023, plaintiff boarded up his cell
17   again "because I still had no shoes and staff had been wronging me constantly."  *Id.*  Plaintiff was
18   taken to the nurses' station where defendant officers Saradeth and Cervantes assaulted plaintiff.
19   *Id*.  Cervantes punched plaintiff six times in his solar plexus while moaning noisily, saying "Oh I
20   think I like this one."  *Id*.  Saradeth moaned and twisted plaintiff's nipples, saying "You like
21   that," "Oh he likes it," and "You like to rape little kids."  *Id.* at 3-4.

> Existing case law distinguishes Eighth Amendment claims arising from sexual assault and makes a few points very clear. First, sexual assault serves no valid penological purpose.  Second, where an inmate can prove that a prison guard committed a sexual assault, we presume the guard acted maliciously and sadistically for the very purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied.  Finally, our cases have clearly held that an inmate need not prove that an injury resulted from sexual assault in order to maintain an excessive force claim under the Eighth Amendment.  Any sexual assault is objectively repugnant to the conscience of mankind and therefore not de minimis for Eighth Amendment purposes.

28   ////

4

*Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020). Construed liberally, and for the limited purpose of screening under § 1915A, plaintiff has stated potentially cognizable Eighth Amendment claims against defendants Saradeth and Cervantes.

<u>Incident Five</u>.  Plaintiff alleges that, at some unspecified time, defendant officer Moua "refused me meals for three days straight." *Id.* at 4.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions-of-confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) (quotations and citations omitted).

"The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred. The more basic the need, the shorter the time it can be withheld." *Johnson*, 217 F.3d at 731 (internal quotation marks and citations omitted). Liberally construed, and for the limited purpose of screening under § 1915A, plaintiff has stated a potentially cognizable Eighth Amendment claim against defendant Moua.

<u>No Leave to Amend</u>.  Because plaintiff has had multiple opportunities to amend the complaint, the court recommends that the case proceed on plaintiff's potentially cognizable claims against Saradeth, Moua, Truong, Fajardo, and Terrazas, and that plaintiff's non-cognizable claims against Doe Nos. 1-4 be dismissed without further leave to amend. *Williams v. California*, 764 F.3d 1002, 1018-19 (9th Cir. 2014) (affirming district court's finding that the "fact that Plaintiffs have already had two chances to articulate clear and lucid theories underlying their claims, and they failed to do so, demonstrates that amendment would be futile").

////

////

### III. Recommendation

Accordingly, it is hereby ORDERED that:

1. The second amended complaint (ECF No. 17) states the following potentially cognizable claims:

   a. Against Terrazas, Fajardo, and Truong for violation of the Eighth Amendment on or about September 14, 2022;

   b. Against Saradeth and Cervantes for violation of the Eighth Amendment on or about January 30, 2023; and

   c. Against Moua for violation of the Eighth Amendment by denying plaintiff meals for three consecutive days.

2. The second amended complaint fails to state potentially cognizable claims against defendants Doe Nos. 1-4.

It is further RECOMMENDED that the court dismiss plaintiff's claims against Does No. 1-4 without leave to amend and that the case proceed solely on the potentially cognizable claims identified above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 18, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE